**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 9, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

RHONDA LOVATO,

　　　　　Plaintiff-Appellant,

v.

PRESBYTERIAN HEALTHCARE
SERVICES; JASON FAHRLANDER,
individually and in his official
capacity,

　　　　　Defendants-Appellees.

No. 07-2170
(D.C. No. CIV-06-1-JEC-WDS)
(D. N.M.)

## ORDER AND JUDGMENT[*]

Before **LUCERO** and **PORFILIO**, Circuit Judges, **BRORBY**, Senior Circuit
Judge.

Plaintiff-appellant Rhonda Lovato appeals the district court's entry of

summary judgment in favor of defendants-appellees Presbyterian Healthcare

---

[*]　　　After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel.  It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Services and Jason Fahrlander on her statutory claims of age discrimination and retaliation under federal and state law. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

Plaintiff argues the district court erred in concluding that there are no genuine issues of material fact for trial regarding her claims that defendants terminated her employment as a nursing director due to her age and in retaliation for a letter dated August 4, 2004, that her attorney sent to defendants. In the letter, plaintiff's attorney expressed plaintiff's concerns that defendant Fahrlander was discriminating against her on the basis of her age and sex and retaliating against her for speaking out about certain hospital matters. We disagree. To begin with, in its Memorandum Opinion and Order, the district court thoroughly and accurately described the factual background of this case and the applicable summary judgment standards, and we will not repeat the district court's hard work here. *See* Aplt. App., Vol. III at 647-50. Further, the district court correctly concluded that plaintiff failed to put forth sufficient facts to survive summary judgment on her claims that: (1) defendants' proffered reasons for her termination (*i.e.*, her inability to perform her work and multiple complaints regarding her behavior from several co-workers) were unworthy of belief and thus pretextual, *id.* at 654-58; and (2) defendants terminated her in retaliation for the letter from her counsel dated August 6, 2004, *id.* at 658-62.

We also agree with defendants that plaintiff's hearsay objection regarding the paragraph in the Fahrlander affidavit that discusses the meeting that occurred on November 2, 2004, is without merit. Simply put, while the district court noted that the purpose of meeting was "to discuss work-related complaints and concerns about Plaintiff's ability to work well with others," *id.* at 649, the court did not otherwise discuss or rely upon what was said at the meeting. Also, there was no introduction of extra-judicial statements for the purpose of establishing the truth of facts asserted by the declarants.

Having carefully reviewed the parties' lengthy briefs and the multiple arguments set forth therein, the summary judgment record, and the relevant legal authorities, we see no need to elaborate on the district court's reasoning in disposing of this case. Accordingly, we summarily affirm the district court's grant of summary judgment to defendants for substantially the same reasons set forth in the court's Memorandum Opinion and Order.

The judgment of the district court is AFFIRMED.

Entered for the Court

John C. Porfilio
Circuit Judge